■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK GALASSI, Appellant.—Judgment, Supreme Court, New York County (Edwin Torres, J.), rendered on November 1, 1984, unanimously affirmed.

Application by appellant's counsel to withdraw as counsel is granted. *(See, Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal. Concur—Sandler, J. P., Ross, Carro and Milonas, JJ.

SECOND DEPARTMENT, APRIL, 1988

(April 4, 1988)

■ STUART BLAUSTEIN, Appellant, v VICTOR MALAVE et al., Respondents.—In a negligence action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Golden, J.), dated February 23, 1987, which granted the defendants' motion to compel him to submit to a physical examination by the defendants' physicians.

Ordered that the order is affirmed, without costs or disbursements, upon condition that the defendants' attorney personally pay to plaintiff $500 within 30 days after service upon him of a copy of this decision and order, with notice of entry; if the condition is not satisfied, the order is reversed, as a matter of discretion, with costs, and the motion to compel a physical examination is denied.

In light of the failure to respond to the notice of availability for a physical examination in a timely fashion and the lack of preparation by the defendants' attorney at the preliminary conference, an appropriate sanction has been imposed as a condition to conducting the physical examination of the plaintiff. Mangano, J. P., Kunzeman, Rubin, Kooper and Harwood, JJ., concur.